IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0061 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS SUCCESSIVE PETITION**

Petitioner BARRY DWAYNE MINNFEE, a state inmate confined at the Clements Unit, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody.[1] For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends petitioner's application be DISMISSED.

I.
PERMISSION TO FILE APPLICATION

By the instant federal habeas corpus application, petitioner challenges his conviction for the offense of aggravated assault with a deadly weapon, and the resultant 2-year sentence, out of the 251st Judicial District Court of Potter County, Texas. *State v. Minnfee*, Cause No. 44,428-C. Petitioner has challenged his aggravated assault with a deadly weapon conviction and 2-year

---

[1] Petitioner originally filed his petition with the United States District Court for the Western Division of Texas, Pecos Division and it was transferred to this Court on March 19, 2007.

sentence in a previous federal habeas corpus application filed in this Court. *See Minnfee v. Dretke*, No. 2:02-CV-0310. On October 14, 2004, this Court entered Judgment denying petitioner's prior federal habeas corpus application.

Title 28 U.S.C. § 2244(b)(2) permits a district court to consider a claim presented in a second or successive habeas application[2] that was not presented in a prior application if the claim (1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is based on a factual predicate that could not have been discovered previously through the exercise of due diligence and which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found petitioner guilty of the underlying offense. In the instant case, however, it is not necessary to determine whether this Court may consider petitioner's claims presented in the current petition because petitioner has failed to fulfill the preliminary procedural filing requirements pertaining to successive petitions.

Title 28 U.S.C. § 2244(b)(3)(A) provides that ***before*** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 116 S.Ct. 2333, 2337 (1996). Specifically, it "transfers from the district court to

---

[2] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's first habeas application, challenges petitioner's custody pursuant to his conviction for the offense of aggravated assault with a deadly weapon in Cause No. 44,428-C out of the 251st Judicial District Court of Potter County, Texas.

the court of appeals a screening function which would previously have been performed by the district court." *Id.*, 116 S.Ct. at 2340. Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

In the instant application, petitioner has not made any showing of having obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this, his second, federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A).[3]

---

[3] In filing the instant federal habeas petition, petitioner did not submit any payment to satisfy the requisite filing fee, nor has he submitted an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined. Instead, petitioner has submitted a hand written pleading entitled, "Motion for Leave to File to Proceed In Forma Pauperis." Because of petitioner's previous history of sanctionable litigation conduct, judicial economy dictates that the Court proceed with this Recommendation and that the filing fee be assessed separately.

II.
RECOMMENDATION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the application writ of habeas corpus filed by petitioner BARRY DWAYNE MINNFEE be DISMISSED for lack of subject matter jurisdiction.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).